1 **WO**                                                                          KM

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9  Jason K. Santos,                          )   No. CV 11-630-PHX-JAT (MEA)
                                             )
10            Plaintiff,                      )   **ORDER**
                                             )
11 vs.                                        )
                                             )
12                                            )
   Corrections Corporation of America, et al.,)
13                                            )
             Defendants.                      )
14                                            )
   _____)

15

16         Plaintiff Jason K. Santos, who is confined in the Corrections Corporation of America-

17 Saguaro Correctional Center, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

18 § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion to Appoint Counsel.

19 The Court will deny the Motion to Appoint Counsel and dismiss the action.

20 **I.       Application to Proceed *In Forma Pauperis* and Filing Fee**

21         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

22 § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

23 The Court will assess an initial partial filing fee of $22.00.  The remainder of the fee will be

24 collected monthly in payments of 20% of the previous month's income each time the amount

25 in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

26 Order requiring the appropriate government agency to collect and forward the fees according

27 to the statutory formula.

28

1 **II.     Statutory Screening of Prisoner Complaints**

2         The Court is required to screen complaints brought by prisoners seeking relief against

3 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6 be granted, or that seek monetary relief from a defendant who is immune from such relief.

7 28 U.S.C. § 1915A(b)(1), (2).

8         A pleading must contain a "short and plain statement of the claim *showing* that the

9 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11 unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13 statements, do not suffice."  Id.

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

16 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17 that allows the court to draw the reasonable inference that the defendant is liable for the

18 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

19 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

21 allegations may be consistent with a constitutional claim, a court must assess whether there

22 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24 must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26 than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27 94 (2007) (*per curiam*)).

28         If the Court determines that a pleading could be cured by the allegation of other facts,

1   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

2   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

3   should not, however, advise the litigant how to cure the defects.  This type of advice "would

4   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

5   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

6   required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

7   failure to state a claim, without leave to amend because the defects cannot be corrected.

8   **III.   Complaint**

9   　　　　Plaintiff names the following Defendants in the Complaint: Corrections Corporation

10  of America, Warden Todd Thomson, Assistant Warden Ben Griego, Assistant Warden Jodi

11  Bradley, Unit Manager M. T. Betrus, and Correctional Counselor Nadia Clark.

12  　　　　Plaintiff raises three grounds for relief in which he claims that his Eighth Amendment

13  rights were violated.  Plaintiff alleges that in May 2009, he and other inmates in his unit were

14  let out of their cells for dayroom time.  Inmates were instructed to bring cooking and

15  showering supplies because their cell doors would be locked behind them.  Plaintiff alleges

16  that he began to feel ill and asked Defendant Clark to unlock his cell door so he could use

17  the bathroom.  Defendant Clark denied his request.  Plaintiff made several more requests but

18  was denied by Defendant Clark and other Correctional Officers.  Plaintiff states that he

19  eventually relieved himself using a bucket in the janitor's closet and was then later

20  disciplined for "unsanitary."  Plaintiff claims that he was denied use of a toilet for one hour

21  and thirty-five minutes.

22  　　　　In Count II, Plaintiff repeats his claim and argues that he was denied a basic necessity

23  for one hour and thirty-five minutes.  In Count III, Plaintiff alleges the same facts and argues

24  that Defendants were deliberately indifferent to Plaintiff's need to use a toilet.

25  　　　　Plaintiff seeks money damages and injunctive relief.

26  **IV.   Failure to State a Claim**

27  　　　　An Eighth Amendment claim requires a sufficiently culpable state of mind by the

28  Defendants, known as "deliberate indifference."  Farmer v. Brennan, 511 U.S. 825, 834

1   (1994).  Deliberate indifference is a higher standard than negligence or lack of ordinary due

2   care for the prisoner's safety.  Id. at 835.  To state a claim of deliberate indifference,

3   plaintiffs must meet a two-part test.  First, the alleged constitutional deprivation must be,

4   objectively, "sufficiently serious"; the official's act or omission must result in the denial of

5   "the minimal civilized measure of life's necessities."  Id. at 834.  Second, the prison official

6   must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate

7   indifference to inmate health or safety.  Id.  In defining "deliberate indifference" in this

8   context, the Supreme Court has imposed a subjective test: "the official must both be aware

9   of facts from which the inference could be drawn that a substantial risk of serious harm

10  exists, and he must also draw the inference."  Id. at 837 (emphasis added).

11          In this case, Plaintiff has not alleged a "sufficiently serious" deprivation to state a

12  claim for a violation of the Eighth Amendment.  See Hartsfield v. Vidor, 199 F.3d 305, 309-

13  10 (6th Cir. 1999) (finding no constitutional violation where plaintiff was not allowed to use

14  toilet, was allowed to sit in his own urine, and was not provided with fresh drinking water

15  for two 8-hour periods; noting that the court had previously held that deprivations of fresh

16  water and access to a toilet for 20 hours was harsh, but not cruel and unusual).  Cf. Johnson

17  v. Lewis, 217 F.3d 726, 733 (9th Cir. 2000) ("[W]e have no doubt that toilets can be

18  unavailable for some period time without violating the Eighth Amendment . . . .").

19          Although Plaintiff's situation was no doubt discomforting and undesirable, Plaintiff's

20  allegation that, on a single occasion, he was denied access to a toilet for a brief period of time

21  simply does not rise to the level of a constitutional violation.  The Court will therefore

22  dismiss the Complaint and this action.

23  **V.      Dismissal without Leave to Amend**

24          Where amendment would be futile, there is no reason to prolong litigation by allowing

25  further amendments.  Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir.2002);

26  Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

27  (9th Cir.1983) (futile amendments should not be permitted).  The Court finds that Plaintiff's

28  claims cannot be cured by amendment and will therefore dismiss the Complaint without

- 4 -

1  leave to amend.

2  **VI.    Motion to Appoint Counsel**

3         Because the Court will dismiss the Complaint, the Court will deny as moot the Motion

4  to Appoint Counsel.

5  **IT IS ORDERED:**

6         (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

7         (2)    As required by the accompanying Order to the appropriate government agency,

8  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $22.00.

9         (3)    Plaintiff's Motion to Appoint Counsel (Doc. 5) is **denied**.

10        (4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28

11  U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

12        (5)    The Clerk of Court must make an entry on the docket stating that the dismissal

13  for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

14        (6)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

15  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

16  decision would not be taken in good faith.

17        DATED this 11th day of April, 2011.

18

19

20                                             James A. Teilborg
                                        United States District Judge

21

22

23

24

25

26

27

28

- 5 -